13-1556
Lin v. Bondi

BIA
A098 714 588

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand twenty-five.

PRESENT:
        DENNIS JACOBS,
        RAYMOND J. LOHIER, JR.,
           *Circuit Judges.**

_____

ZUHUI LIN, AKA ZU-HUI LIN,
        *Petitioner*,

      **v.**                            **13-1556**

                                       **NAC**

---

\* The third member of the panel, Circuit Judge Peter W. Hall, has passed away. The two remaining panel members, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b).

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**

*Respondent.*

_____

**FOR PETITIONER:**        Theodore N. Cox, New York, NY.

**FOR RESPONDENT:**        Stuart Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zuhui Lin, a native and citizen of the People's Republic of China, seeks review of a March 26, 2013 decision of the BIA denying Lin's motion to reopen. *In re Zuhui Lin*, No. A 098 714 588 (B.I.A. Mar. 26, 2013). We assume the parties' familiarity with the underlying facts and procedural history.

We review the denial of a motion to reopen for abuse of discretion and the BIA's country conditions determination for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). It is undisputed that Lin's October 2012 motion was untimely filed following the BIA's final decision in December

2

2007.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline); 8 C.F.R. § 1003.2(c)(2) (same).  This deadline does not apply, however, if the movant seeks to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).  In addition to establishing such a change, the movant must demonstrate prima facie eligibility for the relief sought.  *Jian Hui Shao*, 546 F.3d at 168.  Thus, the movant has "the heavy burden of demonstrating that the proffered new evidence would likely alter the result in [his] case."  *Id.* (quotation marks omitted).

Contrary to Lin's position, the BIA was not required to assess whether there was a change in conditions since the time of his merits hearing where, as here, its analysis and conclusions reflect that it determined that any change was not material because there was no evidence that Lin would suffer mistreatment amounting to persecution.  *Id.*; *see also INS v. Abudu*, 485 U.S. 94, 104 (1988) (identifying a failure to establish prima facie eligibility as one ground on which

3

the BIA may deny reopening).  The record supports the BIA's conclusion.

An asylum applicant has the burden to establish a well-founded fear of persecution by showing he would be "singled out individually for persecution" or that there is a "pattern or practice" of persecution of "similarly situated" people. 8 C.F.R. § 1208.13(b)(2)(iii).  Where, as here, a claim is based solely on activities in the United States, the applicant must show "a reasonable possibility" that the authorities are aware or are likely to become aware of his activities and persecute him.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (quotation marks omitted).  "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive," *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted), and the feared harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006).  Moreover, the fear must be "objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  The Supreme Court has "cited approvingly to a one-in-ten example of persecution to illustrate the sort of reasonable possibility that would demonstrate a well-founded fear." *Jian Hui Shao*, 546 F.3d at 157 (quotation marks omitted); *see also Jian Xing*

4

*Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (explaining that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

There is no indication that the BIA applied a burden higher than the prima facie standard. It concluded that Lin failed to establish material changed country conditions and had not "satisfied his burden to demonstrate that his removal proceedings should be reopened" or "demonstrated a prima facie case for protection under the Convention Against Torture." Certified Administrative Record at 3. The BIA's statement that evidence of the arrest of church leaders and harassment of church members did not "demonstrate[] that [Lin] will suffer mistreatment amounting to persecution upon his return to China," *id.*, does not establish that the BIA held him to a higher standard. Instead, the statement shows that the BIA "simply fault[ed] the applicant for failing to show that any of [his] actions would even potentially subject [him] to persecution upon his return to China." *Guan Shan Liao v. U.S. Dep't of Just.*, 293 F.3d 61, 69 (2d Cir. 2002); *see Jian Hui Shao*, 546 F.3d at 168–69.

Moreover, Lin did not allege that Chinese authorities were aware of his

5

practice. *See Hongsheng Leng*, 528 F.3d at 143. Nor did the record demonstrate a pattern or practice of persecution. The evidence reflects that Chinese officials continued to detain some unregistered Christian church leaders and had detained 500 Protestant practitioners and harassed some unregistered church members but did not demonstrate a pattern or practice of persecution (as opposed to harassment) of members of unregistered churches given evidence that tens of millions of people practice Christianity in China in unregistered churches. *See Jian Hui Shao*, 546 F.3d at 157, 168–69.

We have considered Lin's remaining arguments and find no merit.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6